**Ralph PASATIEMPO, Plaintiff— Appellant,**

v.

**Gordon R. ENGLAND, Secretary of the Navy, Defendant—Appellee.**

No. 03–16610.

D.C. No. CV–02–00459–ACK/LEK.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided March 2, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

William Tagupa, Honolulu, HI, for Plaintiff–Appellant.

Matthew J. Rinka, Mark J. Mellett, USH—Office of The U.S. Attorney, Honolulu, HI, for Defendant–Appellee.

Before BRUNETTI, GRABER, and BYBEE, Circuit Judges.

MEMORANDUM**

Plaintiff Ralph Pasatiempo appeals the district court's grant of summary judgment to defendant Gordon R. England, the Secretary of the Navy ("the Navy" or "defendant"), on Pasatiempo's claim of disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791–796*l*.

1. **Summary Judgment on Pasatiempo's Rehabilitation Act Claim**

   Pasatiempo argues that defendant did not reasonably accommodate his disability because defendant did not engage in the interactive process in good faith. In determining whether a reasonable accommodation exists, the employer must engage in an interactive process with the employee if the employee requests an accommodation or the employer recognizes the need for an accommodation. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir.2002); *Humphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128, 1137 (9th Cir.2001); *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111–12 (9th Cir.2000)(en banc), *vacated on other grounds*, 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002). "The inter-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

active process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process." *Humphrey*, 239 F.3d at 1137.

Pasatiempo was unable to perform the essential functions of his security guard position, with or without reasonable accommodation. In its attempt to reasonably accommodate Pasatiempo by reassigning him to an available position, we agree with the district court that there is no genuine issue of material fact as to whether the Navy acted in good faith in the interactive process.

For several reasons, the Navy was not required to notify Pasatiempo of an accounting technician position and a motor vehicle dispatcher position that became available between December 20, 1995, and November 1, 1996, while he was on medical leave. The medical evidence available to the Navy provided the Navy with a good faith belief that Pasatiempo was unable to work at all, much less perform those two specific jobs, when the positions became available in May and July of 1996, respectively. When these two positions became available, Pasatiempo had already been out of work since December 20, 1995. In March 1996, while Pasatiempo was still out of work, the Navy's Human Resources Office ("HRO") began conducting job searches that lasted until May 1997. While conducting these job searches, HRO received recurring medical updates from Dr. R.Y. Kimura, Pasatiempo's treating physician. Based on the information received from Pasatiempo's own doctor, the Navy believed he was completely incapacitated and could not perform any job.

In addition to Dr. Kimura's recurring updates to HRO, the Navy had a Medical Evaluation for Light Duty form by Dr. Kimura dated June 7, 1995, and a memorandum issued by HRO dated August 17, 1995, stating that Pasatiempo was permanently disabled, could not perform regular work, and could only perform light duty work in accordance with several restrictions. Dr. Kimura indicated that these physical limitations were permanent. Contrary to Pasatiempo's contention, the general Medical Evaluation for Light Duty, with nothing limiting its scope, applied to all potential positions, not just his former security guard position. Moreover, a second Medical Evaluation for Light Duty with an accompanying medical certificate by Dr. Kimura dated October 30, 1996, confirmed that Pasatiempo was unable to perform any work from December 20, 1995, to November 1, 1996, and only light work as of November 1, 1996. While this second evaluation is dated after the two positions became available, it merely reinforces what Dr. Kimura had been relating to HRO all along: that Pasatiempo was incapacitated and unable to work at all until November 1, 1996. In a May 2003 deposition, Pasatiempo even confirmed Dr. Kimura's conclusion by admitting that he was incapacitated and could not work at all during this time period.

Pasatiempo also argues that the Navy should have continued his temporary light duty position. However, an employer does not have an obligation to create a position for a disabled employee. *Wellington v. Lyon County Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir.1999). By keeping him in this position, it would in effect be creating a position for him. Because the Navy was not required to have this temporary position for him, it was not a reasonable accommodation to continue it, and the Navy was not required to show undue hardship.

Finally, Pasatiempo argues that, as a matter of policy, Naval Station, Pearl Harbor, should have looked beyond its appointing authority to find a vacant position.

However, the policy behind allowing each command to appoint only within the command is that each command is a separate entity with different missions and functions. Pasatiempo was employed under the Naval Station, Pearl Harbor command, which had no appointing authority other than its own. To order the Navy to require commands to accept appointments from other commands would be unreasonable in light of the distinct and separate missions of each command.

## 2. Amending the Rule 16 Scheduling Order

We review a district court's amending of a Federal Rule of Civil Procedure 16 scheduling order for an abuse of discretion. *Zivkovic,* 302 F.3d at 1087. Pasatiempo argues that the magistrate judge abused her discretion when she amended the Rule 16 scheduling order, which extended the deadline for filing dispositive motions.

On April 1, 2003, Pasatiempo's former counsel filed a motion to withdraw as counsel, after the original deadline for filing dispositive motions had passed. On April 8, 2003, a hearing on the withdrawal motion was conducted, and the withdrawal was granted. At the hearing, the magistrate judge also amended the Rule 16 scheduling order, which extended all deadlines. The deadline to file dispositive motions was now June 18, 2003.

There was no abuse of discretion in amending the Rule 16 scheduling order. The entire scheduling order, including the dispositive motion deadline, was extended for the benefit of Pasatiempo, not for the Navy. While the Navy did request an extension, *every* deadline was extended in order to allow Pasatiempo, who was at that time proceeding pro se, to have extra time to prepare his case for trial. Given that concern, there was no abuse of discretion.

**AFFIRMED.**